UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

IRIS MADAY SANCHEZ GAMEZ,

    Petitioner,

v.

KRISTI NOEM, et al.,

    Respondents.

No. 1:26-CV-055-H

## ORDER

Before the Court is Iris Maday Sanchez Gamez's motion for a temporary restraining order or preliminary injunction. Dkt. No. 6. Sanchez Gamez, a citizen and native of Honduras, is currently appealing the denial of her application for withholding of removal to the Bureau of Immigration Appeals. *Id.* at 5. While her appeal was pending, ICE detained Sanchez Gamez and placed her in the Bluebonnet Detention Facility in Anson, Texas.

Sanchez Gamez fails to demonstrate a likelihood of success on the merits. First, her removal is under the six-month period where detention is presumptively reasonable. Second, she fails to demonstrate that there is no significant likelihood of her removal in the reasonably foreseeable future. Third, because of her failure to demonstrate evidence to that end, the Due Process Clause does not require her release on bond or an Order of Supervision. The motion (Dkt. No. 6) is therefore denied.

### 1.   Background

Sanchez Gamez entered the United States illegally in August 2004 but was quickly removed. Dkt. No. 6 at 4. After an order of removal was entered against her, she was deported in December 2009. *Id.* Undeterred, she illegally reentered in May 2010. *Id.* After being apprehended at the border, Sanchez Gamez expressed a fear of returning to her native

country. *Id.* She was given a reasonable-fear interview with an asylum officer, who determined that she "had established a reasonable fear of persecution in her home country." *Id.* The asylum officer referred the matter to an immigration judge for a request for withholding of removal, and Sanchez Gamez was released on an Order of Supervision. *Id.* She filed an application for withholding of removal in April 2011. *Id.*

Since then, Sanchez Gamez has remained in the United States litigating her claims. Her 2004 Notice to Appear (which remains active) charges her with removability as "an alien present in the United States who has not been admitted or paroled." Dkt. No. 1-2 at 4; *see* 8 U.S.C. § 1182(a)(6)(A)(i). An immigration judge denied her application for withholding of removal in 2011. Dkt. No. 6 at 4–5. She appealed, and the BIA reversed for new findings relating to her withholding of removal claim. *Id.* at 5. That was in 2016. *Id.* Five years later, the immigration judge issued additional findings and denied her withholding of removal claim. *Id.* From that time on, Sanchez Gamez has appealed her removal order to the BIA, but has not yet received a response. *Id.*

ICE re-detained Sanchez Gamez in November 2025. *Id.* She remains in detention at the Bluebonnet Detention Center. *Id.*

2. **Legal Standard**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D.

Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

3. **Analysis**

Sanchez Gamez fails to demonstrate a likelihood of success on the merits, which is fatal to her motion for TRO and preliminary injunction. The Court recognizes Sanchez Gamez's habeas petition raises additional arguments that were not included in her TRO motion. Given the need to resolve the motion on an accelerated timeline, the Court will address all other arguments when resolving Sanchez Gamez's habeas petition (Dkt. No. 1), which remains pending.

At the outset, the Court notes that Sanchez Gamez's petition appears to seek two different species of relief at once. On one hand, she demands that she receive a bond hearing under Section 1226 of the INA. Dkt. No. 1 at 21. On the other, she describes her

detention as subject to an order of removal under Section 1231. *Id.* ¶ 11. Sections 1226 and 1231 are two distinct detention regimes. *See Riley v. Bondi*, 606 U.S. 259, 269 (2025). Because Sanchez Gamez is appealing a determination on her withholding of removal claim, she is likely subject to detention under Section 1231. *See id.* (discussing 8 U.S.C. § 1231(a)(1)(B), (a)(2)). Therefore, the Court analyzes her detention on those grounds.

### A. Sanchez Gamez's brief detention is within *Zadvydas*'s presumptively reasonable period of detention.

The first apparent problem for Sanchez Gamez is that her detention has only lasted about four months. *See* Dkt. No. 6 at 5. In *Zadvydas v. Davis*, the Supreme Court "limit[ed] the occasions when courts will need to make" "difficult judgments" regarding the lawfulness of continued alien detention. 533 U.S. 678, 700–01 (2001). They did so by recognizing a "presumptively reasonable period of detention" of *six* months. *Id.* at 701.

Fifth Circuit precedent has not conclusively established whether an alien may challenge detention before the six-month period expires. Several non-precedential panels have dismissed such claims as premature. *See Garcia Duarte v. U.S. Dep't of Homeland Sec.*, No. 1:25-CV-1895, 2026 WL 233854, at *1 (W.D. La. Jan. 12, 2026) (collecting cases). But some district courts in the Fifth Circuit have concluded that *Zadvydas*'s six-month period is merely "a rebuttable presumption of reasonability." *Gomez-Simeon v. Bondi*, No. SA-25-CV-1460, 2025 WL 3470872, at *3 (W.D. Tex. Nov. 24, 2025); *Puertas-Mendoza v. Bondi*, No. SA-25-CA-890, 2025 WL 3142089, at *2 (W.D. Tex. Oct. 22, 2025). In the latter scenario, courts require the petitioner to "*prove* that there is no significant likelihood of removal in the reasonably foreseeable future." *Puertas-Mendoza*, 2025 WL 3142089, at *2 (internal quotation marks omitted) (emphasis in original).

Even assuming that the latter standard governs this case, Sanchez Gamez's petition and TRO motion are almost entirely devoid of evidence regarding the potential for her removal or the lack thereof. She argues that, since "her withholding-only proceedings have been ongoing for nearly sixteen years already, including two periods of detention, and the proceedings are still incomplete," she will remain in the United States until her withholding-only claim is resolved and only then will she be deported. Dkt. No. 6 at 8.

But that is far from proof. If past governments were more lenient in permitting appeals to be processed prior to removal, this case is one data point suggesting that this leniency has dissipated. The Court will not ignore a "sea change" in the new administration's detention policy. *Ladak v. Noem*, 1:25-CV-194, 2025 WL 3764016, at *9 (N.D. Tex. Dec. 30, 2025). If there is some statute or regulatory policy that prevents removal during the pendency of the appeal, Sanchez Gamez fails to provide it. On this scant evidence, the Court cannot find that Sanchez Gamez has demonstrated a significant likelihood of success on the merits.

### B. Even if *Zadvydas*'s post-six-month period applied, Sanchez Gamez's motion fails.

Moreover, even assuming that Sanchez Gamez's detention should be treated as over six months due to prior detention,[1] her argument would fail for the same reasons as above. Once the six-month period expires, "the alien has the burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Id.* at *3 (quoting *Zadvydas*, 533 U.S. at 700–01). Sanchez Gamez has identified nothing about her case that would suggest an insignificant likelihood of removal in the

---

[1] *See Ladak*, 2025 WL 3764016, at *9–10 (collecting cases and rejecting the notion that nonconsecutive detention time can be cobbled together).

reasonably foreseeable future. Indeed, it is a matter of public record that the Trump Administration is working to increase deportations to Honduras.[2]

### C. Because Sanchez Gamez fails to establish that her removal is not significantly likely in the reasonably foreseeable future, her detention is likely warranted.

Finally, because Sanchez Gamez fails to meet her evidentiary burden, her continued detention is likely warranted. As the Court explained in *Ladak*, an alien "is deprived of no liberty by [her] detention anticipating removal consistent with the protections set forth in [*Zadvydas*]." *Id.* at *11 (citing *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024)). Even if Sanchez Gamez is not a flight risk or a danger to the community, her detention is still warranted. *Id.*

### 4. Conclusion

Because Sanchez Gamez fails to show a substantial likelihood of success on the merits, the Court denies her TRO motion (Dkt. No. 6). Sanchez Gamez's habeas petition (Dkt. No. 1) remains pending.

So ordered on February 17, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[2] *E.g.*, Chris Cameron, Appeals Court Lets Trump Revoke Deportation Protections for 60,000 More Migrants, N.Y. Times (Feb. 9, 2026), https://www.nytimes.com/2026/02/09/us/politics/appeals-court-lets-trump-revoke-deportation-protections-for-60000-more-migrants.html.