UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

IRIS MADAY SANCHEZ GAMEZ,

    Petitioner,

v.                                                                    No. 1:26-CV-055-H

MARKAWYNE MULLIN, et al.,[1]

    Respondents.

## ORDER

Iris Maday Sanchez Gamez is in ICE custody challenging her order of removal to Honduras. Sanchez Gamez's claim is now pending before the BIA, after an immigration judge denied her relief. She now seeks a writ of habeas corpus ordering her release. Dkt. No. 1. Because Sanchez Gamez's order of removal is final, and because she was detained within the last six months, she must at least "*prove* that there is no significant likelihood of removal in the reasonably foreseeable future." *Puertas-Mendoza v. Bondi*, No. SA-25-CA-890, 2025 WL 3142089, at *2 (W.D. Tex. Oct. 22, 2025) (internal quotation marks omitted) (emphasis in original). Since she does not provide such proof, the petition (Dkt. No. 1) is denied.

## 1. Background

Sanchez Gamez entered the United States illegally in August 2004 but was soon ordered removed and ultimately deported in 2009. Dkt. No. 1 ¶¶ 2–3. Months later in 2010, she illegally reentered the United States. *Id.* ¶ 4. After this attempt, Sanchez Gamez applied for asylum and was released on an Order of Supervision. *Id.* Since that time,

---

[1] Markwayne Mullin replaced Kristi Noem as Secretary of Homeland Security on March 26, 2026. Thus, he is automatically substituted as a party to this action. *See* Fed. R. Civ. P. 25(d).

Sanchez Gamez has remained in the United States strenuously litigating her case before an immigration judge and the Board of Immigration Appeals. *See* Dkt. No. 10 at 2. Sanchez Gamez is currently appealing the denial of her withholding of removal claim. *Id.* (citing Dkt. No. 6 at 4–5).

ICE re-detained Sanchez Gamez on November 21, 2025, and she remains in custody at the Bluebonnet Detention Center in Anson, Texas. *Id.* In February 2026, Sanchez Gamez petitioned for a writ of habeas corpus. Dkt. No. 1. The Court issued an order to show cause why her petition should not be granted (Dkt. No. 4); the respondents answered (Dkt. Nos. 11; 12); and Sanchez Gamez replied (Dkt. No. 13). While briefing in this case was underway, Sanchez Gamez filed a motion for a temporary restraining order (Dkt. No. 6), which the Court denied (Dkt. No. 10). The petition is ripe for review.

**2.      Legal Standard**

Ordinarily, the government must remove an alien within 90 days of the final order of removal or else release him subject to supervision. 8 U.S.C. § 1231(a)(3). However, Section 1231(a)(6) provides that certain aliens "may be detained beyond the removal period." In *Zadvydas v. Davis*, the Supreme Court interpreted Section 1231(a)(6) to determine how long the government may detain an alien pending removal under this Section. 533 U.S. 678, 682 (2001). The Court first determined that challenges to detainment under this provision are available under 28 U.S.C. § 2241, which is the basis of Sanchez Gamez's habeas petition. *See id.* at 688; Dkt. No. 1 ¶ 13. Turning to the merits, the Supreme Court concluded that the government may not detain indefinitely aliens under this provision. *Zadvydas*, 533 U.S. at 699. Doing so would violate due process because such long-term detention requires "a criminal proceeding with adequate procedural protections." *Id.* at 690 (emphasis omitted).

Rather, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. Courts facing these questions "must ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Id.*

A court measures reasonableness "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* Courts must also "take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700. Further, courts must "listen with care when the Government's foreign policy judgments, including . . . the status of repatriation negotiations, are at issue, and to grant the Government appropriate leeway when its judgments rest upon foreign policy expertise." *Id.*

"[T]o limit the occasions when courts will need to make" difficult judgments, the Supreme Court recognized a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. Fifth Circuit precedent has not conclusively established whether an alien may challenge detention before the six-month period expires. Several non-precedential panels have dismissed such claims as premature. *See Garcia Duarte v. DHS*, No. 1:25-CV-1895, 2026 WL 233854, at *1 (W.D. La. Jan. 12, 2026) (collecting cases). But some district courts in the Fifth Circuit have concluded that *Zadvydas*'s six-month period is merely "a rebuttable presumption of reasonability." *Gomez-Simeon v. Bondi*, No. SA-25-CV-1460, 2025 WL 3470872, at *3 (W.D. Tex. Nov. 24, 2025); *Puertas-Mendoza*, 2025 WL 3142089, at *2. In the latter scenario, courts require the petitioner to "*prove* that there is no significant

likelihood of removal in the reasonably foreseeable future." *Puertas-Mendoza*, 2025 WL 3142089, at *2 (internal quotation marks omitted) (emphasis in original).

After that six-month period, the alien has the burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. After meeting this burden, the burden shifts to the respondents to provide evidence to rebut the alien's showing. *Id.* "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

### 3.   Analysis

Sanchez Gamez was detained on November 21, 2025. Dkt. No. 1 ¶ 10. As the Court previously explained, her prior detention periods do not count towards *Zadvydas*'s six-month mark. Dkt. No. 10 at 5 (citing *Ladak v. Noem*, 814 F. Supp. 3d 712 (N.D. Tex. 2025)).[2] Thus, several weeks remain until she reaches *Zadvydas*'s six-month mark. As noted above, while some courts in the Fifth Circuit categorically deny habeas relief in this situation, some sister courts permit a petitioner to prevail if she can prove that no significant likelihood of removal in the reasonably foreseeable future exists. *Puertas-Mendoza*, 2025 WL

---

[2] In her reply brief, Sanchez Gamez asks the Court to reconsider its reliance on *Ladak*, observing that "the cases cited in *Ladak* seem to support, rather than challenge, the notion that nonconsecutive detention time can be cobbled together to meet the presumptively reasonable six-month threshold." Dkt. No. 13 at 3. In other words, counsel appears to suggest that the Court mistakenly thought all of the cases cited in *Ladak* supported its position when they did not, and that the Court might have ruled otherwise had it known better. That is a bold assertion, but it does not match reality. In *Ladak*, the Court expressly acknowledged the decisions adopting the cumulative-counting approach, discussed their reasoning, and found them unpersuasive. *Ladak*, 814 F. Supp. 3d at 728–30. For the same reasons, the Court declines to adopt the cumulative-counting approach here.

3142089, at *2.  Assuming for sake of argument that *Puertas-Mendoza* and other cases are correct about the more lenient standard, Sanchez Gamez's claim fails.[3]

The only attempt at proof in Sanchez Gamez's petition is this assertion: since she is in withholding proceedings before the BIA, and because there is no certain end date for her proceedings, her detention is indefinite.  *See* Dkt. Nos. 1 ¶¶ 9–10; 13 at 4–6.  That argument falls flat.  "[B]ecause withholding of removal is a form of country-specific relief . . . nothing prevents DHS from removing the alien to a third country other than the country to which removal has been withheld or deferred."  *Johnson*, 594 U.S. at 531–32 (citation modified).  Sanchez Gamez's withholding claim only seeks to halt removal to Honduras.  *See* Dkt. No. 1-2 at 22 (order denying withholding of removal).  She does not suggest that removal to any other country that would have her is also impermissible.  And, indeed, third-country removals are now occurring "with far greater frequency than before."  *Ladak*, 814 F. Supp. 3d at 728.

Thus, even assuming this claim is not categorically premature under *Zadvydas*, Sanchez Gamez fails to set out the proof necessary to conclude that there is no significant likelihood of her removal in the reasonably foreseeable future.  The Court recognizes that the six-month mark is approaching within a matter of weeks, at which time the burden will shift to the respondents to justify Sanchez Gamez's detention.  At this stage, however, habeas relief is not warranted.

---

[3] In her petition, Sanchez Gamez demanded a bond hearing under 8 U.S.C. § 1226.  Dkt. No. 1 at 21.  The respondents also contend that her continued detention is independently justified under the related mandatory-detention provision of Section 1225(b)(2)(A).  *See* Dkt. No. 11 at 7–9 (quoting *Montelongo Zuniga v. Lyons*, 813 F. Supp. 3d 685, 696–97 (N.D. Tex. 2025)).  But since Sanchez Gamez's order of removal is final, and since Sections 1225 and 1226 address *pre*-final order of removal cases, they are not relevant here.  *See Riley v. Bondi*, 606 U.S. 259, 269 (2025); *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

– 6 –

**4.    Conclusion**

For these reasons, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

So ordered on May 1, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE